JOHN S. LEONARDO
United States Attorney
District of Arizona
ANNA DRONZEK
Assistant U.S. Attorney
United States Courthouse
405 W. Congress Street, Suite 4800
Tucson, Arizona 85701
Telephone: 520-620-7300
Email: anna.dronzek@usdoj.gov
Attorneys for Plaintiff

*FILED / RECEIVED / LODGED / COPY — SEP 29 2015 — CLERK U S DISTRICT COURT DISTRICT OF ARIZONA — BY ___ DEPUTY*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| United States of America, | |
|---|---|
| Plaintiff, | CR 14-00815-TUC-JGZ(DTF) |
| vs. | **REVOCATION DISPOSITION AGREEMENT** |
| Gilberto Franco Hurtado, | |
| Defendant. | |

The United States of America and the defendant agree to the following disposition of this matter:

1. This is a revocation of:

   ☑ supervised release

   ☐ probation

2. The defendant will admit to allegation __B__ in the Petition to Revoke. This is a Grade __C__ violation. As a result, the defendant's supervised release will be revoked. The government agrees to dismiss at disposition any remaining allegations in the petition, if the defendant is sentenced in accordance with this agreement.

3. The parties agree that the defendant will be sentenced to:

   ☑ A period of incarceration not to exceed the middle of the applicable guideline range under U.S.S.G. § 7B1.4(a) (Revocation Table), and not below the minimum of that range, to wit: __7-10__ months;

   ☐ ____ months incarceration;

☐    Other (specify): _____

4.    This sentence will be followed by:

    ☐    An additional term of ____ months of supervised release

    ☐    An additional term of supervised release, with the length to be determined by the court

    ☑    No additional term of supervised release

If the defendant is sentenced to a term of probation or supervised release, the defendant agrees to comply with the previously imposed conditions and any others the probation department or court deems appropriate.

    ☐    In addition, the following additional condition(s) shall be imposed: ___

_____

_____

_____

5.    Consecutive/Concurrent sentences:

    ☐    There is no agreement regarding consecutive or concurrent sentences

    ☑    The issue is not applicable in this case

    ☐    The government agrees that it will not take a position whether this sentence should be concurrent or consecutive to another sentence.

6.    Statutory and Guideline Provisions:

a)    U.S.S.G. § 7B1.4, the Terms of Imprisonment (Policy Statement) provides: Revocation Table (In months of imprisonment)

| Grade of Violation | I | II | III | IV | V | VI |
|---|---|---|---|---|---|---|
| Grade C | 3-9 | **4-10** | 5-11 | 6-12 | 7-13 | 8-14 |
| Grade B | 4-10 | 6-12 | 8-14 | 12-18 | 18-24 | 21-27 |
| Grade A (1) Except as provided in subdivision (2) below: | 12-18 | 15-21 | 18-24 | 24-30 | 30-37 | 33-41 |
| (2) Where a defendant was on probation as a result of a Class A felony: | 24-30 | 27-33 | 30-37 | 37-46 | 46-57 | 51-63 |

    b)     Penalties applicable for defendant's original offense:

         1)     Criminal History – __II__

         2)     Guideline Range – __15-21 months__

         3)     Statutory Maximum Incarceration – __10 years__

         4)     Maximum Supervised Release – __3 years__

    c)     For probation violations, the defendant, upon revocation of probation, may be re-sentenced to any term of imprisonment not to exceed statutory maximum of the original offense of conviction. (18 U.S.C. § 3565 (a)(2))

    d)     For supervised release violations, the maximum imprisonment upon revocation of supervised release (pursuant to 18 U.S.C. § 3583 (e)(3)) is:

         ☐     Class A felony - 5 years     ☑     Class C or D felony - 2 years

         ☐     Class B felony - 3 years     ☐     Any other case - 1 year

The maximum supervised release following any term of imprisonment upon revocation of supervised release shall not exceed the maximum supervised release for the underlying offense, less any term of imprisonment that was imposed upon revocation. (18 U.S.C. § 3583(h))

7.     **Waiver of Appeal & Collateral Attacks** - Waiver of Appeal & Collateral Attacks - The defendant waives any and all motions, defenses, probable cause determinations, and objections that the defendant could assert to the information or indictment, or petition to revoke, or to the Court's entry of judgment and imposition of sentence upon the defendant, providing the sentence is consistent with this agreement. The defendant further waives: (1) any right to appeal the Court's entry of judgment against defendant; (2) any right to appeal the imposition of sentence upon defendant; and (3) any right to collaterally attack defendant's conviction and sentence in a habeas petition under 28 U.S.C. § 2255 or motion under any other statute or rule. If the defendant files a notice of appeal or any habeas petition, notwithstanding this agreement, the defendant agrees that, upon motion of the government, this case shall be remanded to the district court to determine whether defendant is in breach of this agreement and, if so, to permit the

United States to withdraw from this disposition agreement. This waiver shall not be construed to bar an otherwise-preserved claim of ineffective assistance of counsel or of "prosecutorial misconduct" (as that term is defined by Section II.B of Ariz. Ethics Op. 15-01 (2015)).

8. The defendant understands the government's obligation to provide all information in its file regarding the defendant to the United States Probation Office. The defendant fully understands and agrees to cooperate fully with the United States Probation Office in providing all information requested by the probation officer.

9. I understand all of the provisions of this agreement. This written disposition agreement contains all the terms and conditions of my agreement, and any promises made by anyone (including my attorney) that are not contained within this written agreement are without effect and are void.

9-29-15
Date

Gilbert Franco Hurtado
Defendant

10. I have discussed this case and the written agreement with my client in detail, and have translated it for him if he does not speak English. No assurances, promises, or representations have been given to me or my client by the government or by any of its representatives which are not contained in this written agreement. I concur in the entry of the agreement as indicated above and agree that the terms and conditions set forth in this agreement are in the best interests of my client.

9/29/15
Date

Elias Damianakos
Attorney for the Defendant

//
//
//
//
//

11. I have reviewed this matter and the agreement. I agree on behalf of the United States that the terms and conditions set forth are appropriate and are in the best interests of justice.

JOHN S. LEONARDO
United States Attorney
District of Arizona

9/29/15
Date

*(signature)*
ANNA DRONZEK
Assistant U.S. Attorney